■ ROBIN R. BURNS, Appellant, v GREGORY S. RUBIN, Respondent. [607 NYS2d 273] —Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered on or about October 26, 1993 which, to the extent appealed from, denied plaintiff's motion for an order authorizing her to sell the vacant marital

residence and deposit the net proceeds in an escrow account, and requiring defendant to execute all sale documents and to pay one half of the carrying charges for the marital residence pending the sale, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of directing defendant to pay one half of the carrying charges on the marital residence, and otherwise affirmed, without costs.

The parties executed a prenuptual agreement which, until set aside, controls the matters at issue (cf., *Oberstein v Oberstein,* 93 AD2d 374, 376). The parties' dispute arises primarily over the asking price of the multimillion dollar marital residence, and in that regard, plaintiff has failed to demonstrate adequately defendant's noncompliance with those provisions of the parties' agreement requiring that the marital residence be sold.

There is nothing in the agreement, however, which would preclude an order directing defendant to comply with his obligation under paragraph 9 (b) of the agreement to pay one half of the joint marital expenses, and paragraph 10 (a) should not be so interpreted. As an owner by the entirety of the marital residence, defendant is obligated to pay his share of the mortgage and other carrying charges associated with the upkeep of the property and is directed to do so forthwith to the extent such expenses can be documented by plaintiff. Concur—Sullivan, J. P., Ellerin, Kupferman, Rubin and Tom, JJ.